IN THE SUPREME COURT OF NORTH CAROLINA

No. 402A21

Filed 16 June 2023

STATE OF NORTH CAROLINA

v.

MONTEZ GIBBS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 2021-NCCOA-607 (unpublished), reversing in part a judgment entered on 24 September 2019 by Judge Joshua W. Willey Jr. in Superior Court, New Hanover County. On 1 March 2023, the Supreme Court allowed the State's petition for writ of certiorari as to additional issues. Heard in the Supreme Court on 26 April 2023.

*Joshua H. Stein, Attorney General, by Zachary K. Dunn, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Wyatt Orsbon, Assistant Appellate Defender, for defendant-appellee.*

PER CURIAM.

Defendant Montez Gibbs was indicted on 14 January 2019 with one count each of trafficking opiates by possession, possession with intent to sell or distribute a Schedule II controlled substance, and possession of drug paraphernalia; and two misdemeanor counts of resisting, delaying, or obstructing a public officer. The charges arose out of an incident that occurred on 7 April 2018 when police officers observed

Mr. Gibbs moving in between the buildings of the Hillcrest housing community in Wilmington, North Carolina, and ultimately found a white powdery substance in a backpack he was carrying. At the close of the evidence during the trial, the trial court dismissed one misdemeanor count of resisting, delaying, or obstructing a public officer. Mr. Gibbs was found guilty of the remaining charges. The trial court consolidated the convictions for sentencing and sentenced Mr. Gibbs to an active term of seventy to ninety-three months of imprisonment. He appealed to the Court of Appeals.

In a divided, unpublished opinion, the Court of Appeals reversed the conviction for trafficking by possession of an opiate on the grounds that the trial court abused its discretion in ruling that the State's expert was qualified to testify that fentanyl is an opiate. *State v. Gibbs*, 2021-NCCOA-607, ¶¶ 16–21. The State appealed based on the dissent which would have held that it was not an abuse of discretion to allow the expert to testify that fentanyl is an opiate. *Id.* at ¶ 35 (Stroud, C.J., dissenting). The dissent also noted that the Court of Appeals recently held that "fentanyl 'does indeed qualify as an opiate' as a matter of statutory interpretation." *Id.* ¶ 42 (quoting *State v. Garrett*, 277 N.C. App. 493, 2021-NCCOA-214, ¶ 16). *Garrett* involved the version of the trafficking statute that was in place in 2016, which did not recognize opioids as a class of controlled substances and listed fentanyl as an opiate. *See* N.C.G.S. § 90-90(2) (2015). With the 2018 amendments in effect at the time of the relevant events at issue in this case, the statute was changed to recognize fentanyl as either an

"opiate[ ] or opioid[ ]."[1]  *See* N.C.G.S. § 90-90(2) (2019).

The Court of Appeals received supplemental briefing on the impact of *Garrett* on this case but did not decide whether fentanyl was an opiate as a matter of statutory interpretation under the version of the trafficking statute that was in place in 2018, N.C.G.S. § 90-95(h)(4) (2017). The trial court erred in concluding that whether fentanyl is an opiate is a question of fact. Instead, whether fentanyl was an opiate for purposes of the trafficking statute in 2018 is a question of law. Because it is a legal question of statutory interpretation, it was not necessary to have expert testimony to establish whether fentanyl is an opiate and it was not necessary to have what otherwise may have been appropriate discovery by the defense of the basis for the expert's opinion on that question.

We vacate the opinion of the Court of Appeals and remand to that court for consideration of whether fentanyl was an opiate as defined by the statutes in effect at the time of Mr. Gibbs's actions that are the basis for the conviction and sentence in this case.

VACATED AND REMANDED.

Justice BERGER did not participate in the consideration or decision of this case.

---

[1] To be clear, N.C.G.S. § 90-95(h)(4), which prohibits the trafficking of opium and opiates, remained the same between 2016 and the date of Mr. Gibbs's offense.